## Staunton

THOMPSON'S DAIRY, INCORPORATED v. COMMONWEALTH OF VIRGINIA.

THOMPSON'S DAIRY, INCORPORATED v. CITY OF ALEXANDRIA.

September 4, 1956.

Record Nos. 4530, 4529.

Present, All the Justices.

The opinion states the case.

*John Locke Green,* for plaintiff in error, Thompson's Dairy, Inc.

*J. Lindsay Almond, Jr., Attorney General* and *R. D. McIlwaine, III, Assistant Attorney General,* for defendant in error, the Commonwealth.

(Case submitted on briefs)

*V. Floyd Williams* and *Robert L. Murphy*, for defendant in error, City of Alexandria.

(Case submitted on briefs)

EGGLESTON, J., delivered the opinion of the court.

■ Thompson's Dairy, Incorporated, filed in the court below separate petitions against the Commonwealth of Virginia and the City of Alexandria, praying in each case for a declaratory judgment adjudicating that certain peddler's license taxes assessed against it by the Commonwealth for the years 1951, 1952, 1953 and 1954, and by the City for the years 1952, 1953 and 1954, and paid under protest, were invalid and should be refunded. From an adverse judgment in each case the dairy company has appealed.

The two cases have the same factual background. The dairy company is a District of Columbia corporation with its plant located in the District where it processes and assembles its products, loads them on trucks, transports them from the plant into the City of Alexandria, and there sells and delivers them to its customers. These products consist of milk, butter, cream, eggs, chocolate mix, eggnog mix (in certain seasons), fruit juices, cottage cheese and margarine. Some of these products are sold and delivered to customers whose orders have been previously taken. Others are sold directly by the drivers to any who may wish to purchase them.

For the privilege of selling certain of these commodities in the City, the Commissioner of Revenue has assessed each of the dairy company's trucks so used with a State peddler's license tax under Code, § 58-340, and a city peddler's license tax under section 17-64 of the city code, for the years stated.

The dairy company has no plant or place of business in Virginia and pays no taxes either to the State or the City other than the peddler's license taxes here in question. Resident dairies, and nonresident dairies "doing business in the State," are taxable on the capital employed in business in this State (Code, §§ 58-416, 58-414) and are exempt from the payment of State and local peddler's license taxes. Code, §§ 58-340, 58-346 as amended, 58-344, 58-354 as amended, 58-266.2 as amended. See also, *Thompson's Dairy* v. *County Board of Arlington*, 197 Va. 623, 627, 90 S. E. 2d 810, 813.

The dairy company challenges the validity of the peddler's license taxes assessed against it on these grounds:

First, it says, Code, § 58-340, provides that "a dairyman who uses upon the streets of any city one or more wagons may sell and deliver from his wagons milk, butter, cream and eggs in such city without procuring a peddler's license." Moreover, it says, Code, § 58-344, prohibits the imposition of a municipal peddler's license tax "upon those exempted from a State license by this article." The effect of these provisions, the dairy company argues, exempts it from the peddler's license taxes here in question.

The answer to this contention is that the undisputed evidence shows that the dairy company's drivers sell and deliver from its wagons or trucks in the City of Alexandria other commodities than "milk, butter, cream and eggs," the sale of which is exempt from the imposition of the peddler's license tax under section 58-340. Both the State and city peddler's license taxes here imposed are for the privilege of selling in the City of Alexandria other commodities than those mentioned in the statute. Code, § 58-344, authorizes a municipality to impose a peddler's license tax except upon those exempted from a State peddler's license tax.

Next, the dairy company says that the imposition of the license taxes here under consideration is invalid because (1) it constitutes a tax on its operations in interstate commerce, forbidden by the Federal Constitution, and (2) discriminates against its business in interstate commerce and denies to it the equal protection of the laws guaranteed by the Fourteenth Amendment, in that "resident dairies were not assessed with (such) taxes, whereas the plaintiff, a nonresident dairy, was assessed with the tax(es) complained of."

This same contention was made by the same appellant under a similar state of facts and fully answered in *Thompson's Dairy* v. *County Board of Arlington, supra.*

For these reasons the judgment in each case is

*Affirmed.*